Marc J. Randazza, CA Bar No. 269535
Ronald D. Green, *Pro Hac Vice* forthcoming
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, NV 89147
Telephone: 702-420-2001
Facsimile: 305-437-7662
ecf@randazza.com

*Attorneys for Plaintiff,*
*Multi Media, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MULTI MEDIA, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br><CHATURBATE.TO>, a domain name,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT** |

Plaintiff Multi Media, LLC ("Multi Media") brings this *in rem* Complaint against Defendant domain name <chaturbate.to> (the "Domain Name") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an *in rem* action under the Anticybersquatting Consumer Protection Act (the "ACPA") for injunctive and other relief relating to the bad faith registration and use of the <chaturbate.to> Domain Name, which infringes upon Plaintiff Multi Media's distinctive CHATURBATE trademarks, registered with the U.S. Patent and Trademark Office and Multi Media's domain name at <chaturbate.com>.

- 1 -
Complaint

## THE PARTIES

2. Plaintiff Multi Media is a California limited liability company with its principal place of business in Lake Forest, California.

3. <chaturbate.to> is an Internet domain name. Multi Media is unaware of the Registrant, as Tonic, LLC, the registry for the .to ccTLD does not appear to keep a publicly available Whois database.

4. Upon information and belief, the domain name registrar for the Domain Name is Tonic, LLC, a California limited liability company with its principal place of business in Pt. San Quentin, California.

## JURISDICTION AND VENUE

5. This action arises, *inter alia*, under Section 2201 of the Judicial Code, 28 U.S.C. § 2201, and Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

6. This Court has subject matter jurisdiction pursuant to Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a), and Sections 1131 and 1338(a) of the Judicial Code, 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1139(b)(2) and 15 U.S.C. § 1126(d)(2)(C) because the cause of action arises in this District and the *res* (i.e., the Domain Name that is the subject of this action) is maintained by a registrar, Tonic, within the boundaries of this District and which has its *situs* in this District.

8. This Court has *in rem* jurisdiction over the Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(C), 28 U.S.C. § 1655, and interpretive case law. Plaintiff is informed and believes, and thereupon alleges, that this Court lacks *in personam* jurisdiction over the Registrant of the Domain Name, which would have been the defendant in a civil action pursuant to 15 U.S.C. § 1125(d)(1). On information and

belief, the registrant is a citizen of a foreign country without the requisite minimum contacts to establish *in personam* jurisdiction in this Court.

9. The Domain Name violates Plaintiff's rights in its CHATURBATE marks, which are protected pursuant to 15 U.S.C. § 1125(a).

## INTRADISTRICT ASSIGNMENT

10. The registrar for the Domain Name, Tonic, is located in Marin County. Accordingly, pursuant to Local Rules of Court 3-2(c) and (d), the Clerk shall assign the action to the San Francisco Division.

## BACKGROUND

### Multi Media's Trademark Rights

11. Multi Media owns and operates the website located at the <chaturbate.com> Domain Name. For several years, it has used the Domain Name in connection with the provision of streaming audio, visual, and audiovisual material and other entertainment services.

12. Multi Media registered the Domain Name on February 26, 2011, and its website went live on or about June 30, 2011, looking largely as it does today and containing Multi Media's distinctive logo and the ability for users to stream video and audio content.

13. Presently, the website at <chaturbate.com> is one of the most popular websites in the world, ranking at 200 on Alexa Internet's list of the world's most popular websites, placing it securely within the rare top 1,000 sites for overall traffic.

14. CHATURBATE is an inherently distinctive "fanciful" mark, as it is an invented term that has no meaning outside of identifying Plaintiff Multi Media's provision of services.

15. Through Plaintiff's continued use and promotion, the CHATURBATE mark has become distinctive throughout the United States and the world in

connection with Plaintiff's services. Internet users have come to distinguish and recognize the legitimacy of Plaintiff's services as a result of this use and promotion, and so Plaintiff's marks are entitled to trademark rights.

16. Plaintiff Multi Media currently possesses 2 registrations for CHATURBATE with the United States Patent and Trademark Office:

    a. CHATURBATE (U.S. Reg. No. 4,288,943) in International Classes 38 (streaming of audio, visual, and audiovisual material via a global computer network; telecommunications service) and 42 (providing a website that gives computer users the ability to upload, exchange, and share photos, videos, and video logs); and

    b. CHATURBATE (and design) (U.S. Reg. No. 4,988,208) in International Classes 38 and 42.

17. Plaintiff's registrations are *prima facie* evidence of the validity of the marks, of Plaintiff's ownership of the marks, and of Plaintiff's exclusive rights to use the mark in U.S. commerce.

**The Registrant's Bad Faith Registration and Use of the Domain Name**

18. The Domain Name incorporates the entirety of Plaintiff's CHATURBATE mark and differs from Plaintiff's <chaturbate.com> domain name only I that it uses the <.to> generic top-level domain ("TLD").

19. Upon information and belief, the Domain Name was registered for the purpose of obtaining Internet traffic from visitors who intended to visit Plaintiff's <chaturbate.com> website, but who instead arrived at the <chaturbate.to> website either by mistyping the TLD or mistakenly clicking on the Registrant's site while performing an Internet search.

20. The Registrant's website provides the exact goods and services at the Domain Name as those provided by Plaintiff at <chaturbate.com>.

21. Plaintiff has never authorized the use of its CHATURBATE marks within the Domain Name.

22. Upon information and belief, the Domain Name does not and cannot reflect the legal name of the registration of the Domain Name.

23. Upon information and belief, the Registrant of the Domain Name has not and cannot engage in bona fide noncommercial or fair use of the Domain Name.

24. Upon information and belief, the Registrant of the Domain Name was aware of Plaintiff's CHATURBATE marks prior to acquiring the Domain Name.

25. Upon information and belief, the Registrant registered the Domain Name with the intent to divert Internet visitors away from Plaintiff's <chaturbate.com> website for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Domain Name and the website located at the Domain Name.

**The Registrant's Knowledge of Plaintiff and its Marks Is Evidence of Bad Faith**

26. The Registrant of the Domain Name acquired it on or about October 14, 2015. By that point, Plaintiff had been using its marks for over 4 years and acquired 2 USPTO registrations for the CHATURBATE mark.

27. Shortly after acquiring the Domain Name, the Registrant used it to provide services nearly identical to those offered by Plaintiff at its <chaturbate.com> website.

28. The Registrant was clearly aware of the CHATURBATE marks and the <chaturbate.com> website, given that Plaintiff's name is inherently unique and fanciful and that the Registrant used the Domain Name for the same purposes for which Plaintiff uses the <chaturbate.com> domain name.

29. The Registrant also had constructive knowledge of Plaintiff's marks as early as June 28, 2012, when Plaintiff filed its first application with the USPTO.

30. Registrant's knowledge of Plaintiff and the CHATURBATE marks is evidence of Registrant's bad faith in selecting, acquiring, registering, and using the Domain Name.

### Registrant's Actions Are Likely to Cause Confusion

31. The Registrant's selection, acquisition, registration and use of the Domain Name is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Registrant with Plaintiff, or as to the origins, sponsorship, or approval of Registrant's Domain Name and website by Plaintiff, thereby causing injury, loss, and damage to Plaintiff.

32. The extent of potential confusion among Internet visitors between Registrant's Domain Name and Plaintiff's marks is substantial.

33. Registrant's use of the Domain Name does, and will likely continue to, falsely suggest a relationship between the Registrant's Domain Name and Plaintiff's services.

### FIRST CLAIM FOR RELIEF

### Violation of the Anti-cybersquatting Consumer Protection Act

### 15 U.S.C. § 1125(d)

34. Plaintiff incorporates by reference each and every preceding allegation in this Complaint.

35. Plaintiff is the owner of the distinctive, famous, and federally registered CHATURBATE marks.

36. Plaintiff's marks are distinctive of Plaintiff's services, for which they have been continually used and registered, and were distinctive well before the Domain Name was registered.

37. Registrant has no rights in Plaintiff's marks or the Domain Name.

38. Registrant's Domain Name is confusingly similar to Plaintiff's marks.

39. Registrant has registered, trafficked in, used, and is using the Domain Name with the bad faith intent to profit from Plaintiff's CHATURBATE marks.

40. Registrant's actions are a violation of the Lanham Act § 43(d), 15 U.S.C. § 11259(d).

41. Plaintiff has been, is now, and will continue to be irreparably harmed by the Registrant's aforementioned actions, and, unless enjoined by this Court, Registrant's unauthorized use of the Domain Name will continue. There is no adequate remedy at law for the harm caused by Registrant's acts.

42. Upon information and belief, this Court lacks *in personam* jurisdiction over the Registrant, who would otherwise be the defendant in this action under 15 U.S.C. § 1125(d).

43. Because Plaintiff Multi Media owns the exclusive right to the CHATURBATE marks and Registrant has no rights to them whatsoever, it is appropriate for the Court to declare Plaintiff as the rightful owner of the Domain Name and order the prompt transfer of the Domain Name to Plaintiff.

. . .

. . .

. . .

. . .

. . .

. . .

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

A. Declare, adjudge, and decree that Plaintiff is the sole legal and equitable owner of the Domain Name;

B. Direct that the registration of the Domain Name be transferred to Plaintiff; and

C. Award such other and further relief that this Court deems just and equitable.

Dated: January 20, 2017.                    Respectfully Submitted,

**RANDAZZA LEGAL GROUP, PLLC**

/s/ Marc J. Randazza
Marc J. Randazza, CA Bar No. 269535
Ronald. Green, *Pro Hac Vice* forthcoming
4035 S. El Capitan Way
Las Vegas, NV 89147

*Attorneys for Plaintiff,
Multi Media, LLC*