UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MULTI MEDIA, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHATURBATE.TO,<br><br>　　　　Defendant. | Case No. 17-cv-00301-JST<br><br>**ORDER DENYING MOTION FOR ALTERNATE SERVICE**<br>Re: ECF No. 14 |

　　　　Before the Court is Plaintiff's Motion for Alternate Service. ECF No. 14. The Court will deny the motion.

**I.　　BACKGROUND**

　　　　Plaintiff Multi Media, LLC ("Multi Media") brings an *in rem* action against Defendant domain name <chaturbate.to> (the "Domain Name") under the Anticybersquatting Consumer Protection Act (the "ACPA") "for injunctive and other relief relating to the bad faith registration and use of the <chaturbate.to> Domain Name." ECF No. 1 at 1. Multi Media alleges that the Domain Name "infringes upon Plaintiff Multi Media's distinctive CHATURBATE trademarks . . . and Multi Media's domain name at <chaturbate.com>." Id. Plaintiff claims to own corresponding USPTO trademark registrations. Id. at 4.

　　　　Multi Media alleges that it is unaware of the Registrant of the Domain name because Tonic, LLC, the registry for the .to ccTLD,[1] does not keep a publicly available Whois database. Id. at 2.[2] Since the <.to> TLD belongs to the island kingdom of Tonga, however, "Plaintiff is

---

[1] A ccTLD is an Internet country code top-level domain.
[2] .to ccTLD [does] not maintain a whois database that provides registrant information. It is possible to contact domain registrants via tonic.to by typing the domain in the domain search field under 'New Domain Name,' but it seems that feature only allows the user to send an email. See https://www.tonic.to/faq.htm?B6G53667;;;#16, last accessed May 31, 2017.

reasonably certain that the registrant of the Domain Name is outside the personal jurisdiction of this Court." ECF No. 14 at 4. Plaintiff alleges that Tonic, LLC, is a California limited liability company with its principal place of business in Pt. San Quentin, California. ECF No. 1 at 2. On April 5, 2017, Multi Media filed a motion for Alternate Service, requesting to serve Defendant only by publication. ECF No. 14. For the reasons set forth below, the Court will deny the motion.

## II. LEGAL STANDARD

Generally, service of process is governed by Federal Rule of Civil Procedure 4. But federal law can provide alternative requirements for service in certain circumstances. See Fed. R. Civ. P. 4(e)-(f) ("Unless federal law provides otherwise . . ."). The ACPA provides a federal statutory alternative to the normal service requirements of Rule 4. Under the ACPA, "[t]he owner of a mark may file an in rem civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located if--

(i) the domain name violates any right of the owner of a mark registered in the Patent and Trademark Office, or protected under subsection (a) or (c); and

(ii) the court finds that the owner--

(I) is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action under paragraph (1); or

(II) through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph (1) by--

(aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and

(bb) publishing notice of the action as the court may direct promptly after filing the action."

15 U.S.C. §§ 1125(d)(2)(A). These actions may constitute service of process. 15 U.S.C. § 1125(d)(2)(B).

/ / /

### III. DISCUSSION

Plaintiff argues it "is unable to determine who registered the Domain Name" after due diligence, and, in effect, requests that the Court waive the ACPA's requirements that the Plaintiff serve Defendant by postal mail and e-mail and allow Plaintiff to serve Defendant by notice in three publications. ECF No. 4-5.

First, while Plaintiff is likely correct that Defendant is outside the personal jurisdiction of the Court based on the TLD, the Court remains unconvinced that Plaintiff has exercised all reasonable due diligence to uncover the identity or address of the registrant of the Domain Name in order to comply with 15 U.S.C. §§ 1125(d)(2)(A)(II)(aa). Plaintiff states that after filing the Complaint, it sent a letter to Tonic requesting "that Tonic maintain the Domain Name in its present status until the litigation was resolved." ECF No. 14 at 5; Exh. 7 ("[W]e request that you continue to maintain the status of this domain name as 'locked' until this matter is fully resolved."). While Tonic replied that it would not take any action without a court order, ECF No. 14 at 5; Exh. 8, Plaintiff did not attempt to acquire the registrant's identity from Tonic, nor does Plaintiff state it has done any further research or made any further inquiries to attain that information.

Second, Plaintiff provides no precedent indicating that the e-mail and postal mail requirements of the ACPA may be waived. In RMV Enterprises, LLC v. KSoftware.com, 2012 WL 4739524, at *1 (E.D. Va. Aug. 24, 2012), and United Air Lines, Inc. v. unitedair.com, 2012 WL 2838629, at *1 (E.D. Va. June 11, 2012), which Plaintiff relies upon, the plaintiffs sent notice by e-mail and postal mail to addresses listed in whois databases, complying with the requirements of the statute. The plain text of the statute is clear and unambiguous. It "requires a plaintiff to serve a defendant by sending notice by postal mail to the address provided by the registrant to the registrar." Guo v. 8bo.com, Case No. 13-cv-05299 NC, 2014 WL 2581315, at *2 (N.D. Cal. June 6, 2014). At least one court has held that "service by mail is a non-waivable requirement for bringing suit under the ACPA." Id. (citing Desert Palace, Inc. v. Costa, 539 U.S. 90, 98 (2003)). That court, however, stated that in order "[t]o comply with the service requirements of the ACPA, plaintiffs must send notice to the registrant address listed in the WHOIS registry for each domain."

3

1  Id. This Court recognizes that is harder to do when the registrant is not listed, but repeats that
2  Plaintiff has not exercised all reasonable diligence.
3      Plaintiff also argues that Tonic, LLC, has likely given notice of this lawsuit to the
4  registrant. ECF No. 14 at 6. The assertion is speculative. "[T]he Court is not persuaded that the
5  unknown individual defendants have actual knowledge of the action, and thus will not waive a
6  statutory requirement designed to increase the likelihood that the defendants will acquire actual
7  knowledge of the suit." Guo, 2014 WL 2581315, at *3 (citing Shaffer v. Heitner, 433 U.S. 186,
8  217-18 (1977) ("Throughout our history the acceptable exercise of in rem and quasi in rem
9  jurisdiction has included a procedure giving reasonable assurance that actual notice of the
10  particular claim will be conveyed to the defendant.")).

**CONCLUSION**

12      Accordingly, the Court denies Plaintiff's motion to serve Defendant by publication alone.
13  IT IS SO ORDERED.
14  Dated: July 28, 2017

_____
JON S. TIGAR
United States District Judge